Medina v. Napoli

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand eighteen.

PRESENT:
> PIERRE N. LEVAL,
> PETER W. HALL,
> > *Circuit Judges*,
> COLLEEN MCMAHON,[*]
> > *District Judge.*

_____

ANTHONY MEDINA,

> *Plaintiff-Appellant*,

TROY BROOKS, CHARLES BROWN, MICHAEL DOXEN, JOHN DIGIACOMO, ANTHONY SIMMONS, WILLIAM BROOKS, KEVEN SHORTELL, THOMAS STEED, CARLOS SENQUIZ, GERALD PIERRE, AND ALL OTHERS SIMILARLY SITUATED,

> *Plaintiffs*,

> v.                                                                    No. 15-3396

DAVID F. NAPOLI, SUPERINTENDENT, ANGELA A. BARTLETT, DEPUTY SUPERINTENDENT, MARILYN BRIDGE, DEPUTY SUPERINTENDENT, PAUL CHAPPIUS, JR., DEPUTY

_____

[*] Chief Judge Colleen McMahon, of the United States District Court for the Southern District of New York, sitting by designation.

SUPERINTENDENT, DAVID AUGUSTINE, LIEUTENANT, RICHARD A. DONAHUE, LIEUTENANT, MICHAEL SHEAHAN, CAPTAIN, DANIEL CHAPMAN, SERGEANT, THOMAS HANNAH, SERGEANT, JODI A. LITWILER, SERGEANT, LEON D. MCGRAIN, SERGEANT, MARK SHUMAKER, SERGEANT, NANCY SCHOONOVER, GRIEVANCE SUPERVISOR, SABRINA VONHAGN, GRIEVANCE SUPERVISOR, CRAIG SKELLY, CORRECTION OFFICER, FRANKLIN ZYWICKI, RICHARD CECCE, CORRECTION OFFICER, DANNY DAVIS, CORRECTION OFFICER, SEAN DAVIS, CORRECTION OFFICER, PAUL JAYNE, CORRECTION OFFICER, EDMUND DELANY, CORRECTION OFFICER, JAMES GILBERT, CORRECTION OFFICER, LARRY GLEASON, CORRECTION OFFICER, THOMAS EAGEN, GRIEVANCE DIRECTOR, AND OTHER UNKNOWN CORRECTION OFFICERS, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES, OFFICER D. DIEHR,

*Defendants-Appellees.*

---

For *Plaintiff-Appellant*:  KEVIN KING, Mark W. Mosier, Covington & Burling LLP, Washington, D.C.

For *Defendants-Appellees*:  FREDERICK A. BRODIE, Assistant Solicitor General, Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General *for* Eric T. Schneiderman, Attorney General for the State of New York, Albany, N.Y.

---

Appeal from a judgment of the United States District Court for the Western District of New York (Curtin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART, VACATED IN PART,** and the case is **REMANDED** for further proceedings consistent with this opinion.

Plaintiff-Appellant Anthony Medina appeals the district court's order granting summary judgment in favor of defendants based on a determination that Medina had failed to exhaust his administrative inmate grievance procedures prior to bringing an action in federal court, as required under the Prison Litigation Reform Act (PLRA).

2

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In 2016 the Supreme Court decided *Ross v. Blake*, 136 S. Ct. 1850 (2016), a case that addressed when prison officials effectively render certain otherwise available administrative remedies "unavailable" such that an inmate is thus incapable of exhausting them. Shortly thereafter, and while Medina's appeal was pending, a panel of this Court adopted the *Ross* "availability" analysis in *Williams v. Priatno*, 829 F.3d 118 (2d Cir. 2016), to determine whether an inmate exhausted the administrative remedies required under the PLRA. On the facts of that case, we determined that the administrative remedies Williams had failed to pursue were "unavailable" within the meaning of the *Ross* test, and therefore found that his suit was not barred. *Id.* at 126.

In deciding defendants' summary judgment motion, the guidance provided by *Ross* and *Williams* was not available to the district court. The court, therefore, did not undertake the newly articulated availability analysis.[1] The alleged actions of the defendants in handling Medina's grievances with regard to the June incident bear a

---

[1] It is important to note that prior to the Supreme Court's decision in *Ross*, our Circuit had held that there were "special exceptions" to the requirement that prisoners must exhaust their administrative remedies. *See, e.g.*, *Giano v. Goord*, 380 F.3d 670 (2d Cir. 2004), and *Hemphill v. New York*, 380 F.3d 680 (2d Cir. 2004). In *Ross*, the Supreme Court expressly overruled the "special circumstances" exception to the exhaustion doctrine as applied by the Fourth Circuit in the case below, *see Ross*, 136 S. Ct. at 1858, and reaffirmed the mandatory nature of the exhaustion of administrative remedies doctrine. The Court then went on, however, to identify certain instances when those administrative remedies might be functionally "unavailable" to a prisoner. S*ee id.* ("An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones. And that limitation on an inmate's duty to exhaust—although significantly different from the 'special circumstances' test or the old CRIPA standard—has real content."). The Supreme Court thus clarified the standard in 2016, overruling our previous special circumstances exception in *Giano*, while adopting a new framework that is remarkably similar. Our Circuit in *Williams*, 829 F.3d at 123, of course, adopted the *Ross* standard.

strong similarity to those of the defendants in *Williams*. Medina, like Williams, was an inmate in a special housing unit who was required to rely on correction officers to file his grievances, and both Medina and Williams alleged that those officers intentionally discarded the grievances or prevented them from being filed. 829 F.3d at 124. The *Williams* decision makes clear that the prison grievance regulations "plainly do not describe a mechanism for appealing a grievance that was never filed" by reason of inaction or obstruction by prison officials, resulting in a situation where "the process to appeal an unfiled and unanswered grievance is prohibitively opaque, such that no inmate could actually make use of it." *Id.* at 126. That *Williams* was decided on a motion to dismiss and not on a summary judgment motion does not change the analysis. The record establishes that Medina's allegations, supported by witness testimony, about defendants' actions to prevent the filing of Medina's grievances concerning the June 2007 incident are sufficient, when viewed in the light most favorable to Medina, to raise a genuine issue of material fact as to whether the grievance process was "available" to Medina under the *Ross* and *Williams* exhaustion analysis. *Ross*, 136 S. Ct. at 1862; *Williams*, 829 F.3d at 124. Because we now have the newly articulated framework by which to determine whether the administrative remedies applicable to the June 2007 incident were available to Medina and could be exhausted, we vacate that portion of the summary judgment and remand to the district court for further proceedings.

In contrast to the June incident, much about what occurred with respect to the December 2007 food deprivation incident (which is alleged to have occurred in

4

retaliation for the filing of the grievance over the June incident) is undisputed. It is uncontested that a grievance was timely filed protesting this incident; and in contrast to June, Medina does not assert that he was prevented from following the proper procedures to file that grievance. There is also no dispute that the December grievance was not considered and denied on the merits but was instead dismissed because Medina had not taken the matter up with his block sergeant before filing a formal complaint. We note that such consultation is "encouraged" but not actually "required" by the Department of Corrections and Community Supervision (DOCCS) grievance protocol.[2]

In the present case, where the dismissal of Medina's grievance was upheld by the IGP supervisor, DOCCS regulations provide that Medina "may" file a second, "separate" grievance, challenging as improper the dismissal of that first grievance. *See* NYCRR § 701.5(b)(4)(iii). The record does not conclusively show whether Medina ever filed such a collateral grievance or, if he did, whether he took the necessary appeals therefrom. Without that information, we cannot determine either whether Medina took all the steps that were purportedly "available to him" in the Inmate Grievance Program to appeal the dismissal of his grievance, *see* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006), or whether the permissive collateral grievance was "functionally unavailable" as discussed in *Williams*, 829 F.3d at 125 n.4. The district court is far better situated than this Court to make these

---

[2] The relevant regulation states that, "[a]n inmate is *encouraged* to resolve his/her complaints through the guidance and counseling unit, the program area directly affected, or other existing channels (informal or formal) prior to submitting a grievance." NYCRR § 701.3(a) (emphasis added).

determinations in the first instance on a full record.

Accordingly, we remand to the district court to consider, in light of the new framework articulated in *Ross* and adopted by this Court in *Williams*, whether Medina exhausted his administrative remedies as to each of his June and December 2007 food deprivation claims.

Finally, we note that Medina has conceded that summary judgment was properly granted in its entirety in favor of seven of the named defendants: Danny Davis, Edmund Delany, D. Diehr, Richard A. Donahue, Paul Jayne, Thomas Eagen, and Sabrina von Hagn. The judgment as to those specific defendants is thus affirmed.

The judgment of the district court is **AFFIRMED IN PART, VACATED IN PART,** and the case is **REMANDED** for further proceedings consistent with this opinion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6